IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MADGE OLIVER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NUMBER: |
| | * | 4:05-CV-20(CDL) |
| METALCRAFT OF MAYVILLE, INC., | * | |
| | * | |
| Defendant, | * | |
| | * | |
| v. | * | |
| | * | |
| KAWASAKI MOTORS CORP., U.S.A., | * | |
| And KAWASAKI MOTORS | * | |
| MANUFACTURING, CORP., U.S.A., | * | |
| | * | |
| Third-Party Defendants. | * | |

## THIRD-PARTY COMPLAINT

Comes now Defendant and Third-Party Plaintiff Metalcraft of Mayville, Inc. ("Metalcraft"), by counsel, and files this its Third-Party Complaint against Kawasaki Motors, Corp., U.S.A. ("KMC") and Kawasaki Motors Manufacturing, Corp., U.S.A. ("KMM") as follows:

### JURISDICTION AND VENUE

1.

Metalcraft is a Wisconsin corporation with its principal place of business located at 1000 Metalcraft Drive, Mayville, Wisconsin.

2.

KMC is a Delaware corporation with its principal place of business located at 5080 36th St., S.E., Grand Rapids, Michigan. Kawasaki Manufacturing Motors, Corp., U.S.A. KMM is a Nebraska corporation with its principal place of business located in Lincoln, Nebraska.

3.

KMC's registered agent for service of process is Corporation Process Company, 180 Cherokee St., N.E., Marietta, Georgia, 30060. KMM's registered agent for service of process is CT Corporation System, Suite 500 301 S. 13th Street, Lincoln, Nebraska, 68508.

4.

This third-party complaint is brought to recover for indemnification and contribution for claims brought by Plaintiff Madge Oliver against Metalcraft

5.

Under 28 U.S.C. § 1332, this Court has subject-matter jurisdiction in this action, and the original action is between citizens and residents of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.

This court has supplemental jurisdiction within the meaning of 28 U.S.C. §1367 over the claims against the Third-Party Defendants. This Third-Party Complaint arises out of the same transactions and occurrences as the matters alleged in Plaintiff's original Complaint For Damages ("Complaint").

7.

Venue is proper in the Middle District of Georgia because a substantial part of the events or omissions giving rise to the claim occurred in Talbot County, Georgia.

**FACTUAL BACKGROUND**

8.

On December 27, 2004, Plaintiff filed her Complaint against Metalcraft. Attached hereto as Exhibit "A" is the Plaintiff's Complaint.

9.

In her Complaint, Plaintiff seeks to recover from Metalcraft for alleged defects in a Tiger Cub 19HP KAW 48" AD mower (model # STC48A-19KA)(hereinafter, "Mower").

10.

Plaintiff alleges that on July 1, 2003, she was operating the mower at her home in Talbot County, Georgia, when the mower caught fire and caused her injuries, including second and third degree burns to her arms and legs.

11.

Plaintiff alleges that the Metalcraft is liable to Plaintiff for damages "because the design defect in the vent fuel line of the mower was the direct and proximate cause of plaintiff's injuries."

12.

Metalcraft is a manufacturer of SCAG brand mowers including the Tiger Cub mower referenced in the Plaintiff's Complaint.

13.

Metalcraft purchased the motor for the Mower from KMC and KMM.

14.

The fuel venting system, including the vent line complained of by Plaintiff, is designed and manufactured by KMC and KMM.

15.

The motor provided by KMC and KMM to Metalcraft is delivered to Metalcraft complete with the vent line already in place.

16.

Metalcraft incorporated KMC's and KMM's motor into the Mower without change of KMC's and KMM's design or the vent line system.

17.

All of Plaintiff's allegations against Metalcraft are related to the design of the vent line system by KMC and KMM. Plaintiff claims that she suffered injuries as a result of a failure of KMC's and KMM's vent line system in the Mower. Plaintiff claims that as a result of the defective design of KMC's and KMM's vent line system, the Mower experienced an unexpected fire and she was burned.

18.

Metalcraft has made a demand upon KMC and KMM to indemnify and defend its interests in this lawsuit. KMC and KMM have without justification refused this demand.

## COUNT I
### (Contractual Indemnification)

19.

Metalcraft restates and incorporates paragraphs 1-18 above as if fully set forth herein.

20.

Metalcraft purchased the Mower from KMC and KMM and KMC contractually agreed to defend, protect and save harmless Metalcraft from and against all liability arising from claims, including bodily injury, proximately caused by defects in the motor purchased by Metalcraft from KMC and KMM.

21.

As a result of KMC's agreement to defend, protect and save harmless Metalcraft from and against all liability arising from claims, including bodily injury, proximately caused by

4

defects in the motor purchased by Metalcraft from KMC and KMM, Metalcraft is entitled to recover its costs of defense of this action from KMC.

22.

On March 13, 2006, Metalcraft issued a demand to KMC that it defend and indemnify the interests of Metalcraft for Plaintiff's claims. Attached hereto as Exhibit "B" is Metalcraft's letter dated March 13, 2006 (hereinafter, "Tender Letter") in which a demand was made on KMC to defend and indemnify in this case.

23.

On March 21, 2006, KMC responded to the Tender Letter and refused to do defend and indemnify Metalcraft. Attached hereto as Exhibit "C" is KMC's counsel's response to the Tender Letter.

24.

KMC has failed to perform his obligations under common law and under the Purchase Order, or other applicable agreements and has materially breached the terms contained therein.

25.

Metalcraft has suffered substantial damages for which it is entitled to recover as a result of Kawasaki's material breach of the terms of the Purchase Order.

26.

By virtue of the terms contained in the Purchase Order, or other applicable agreements, Metalcraft is entitled to recover from KMC the full amount of any judgment that might be rendered against Metalcraft in the original action by Plaintiff against the Metalcraft for the reasons set forth in this Third-Party Complaint.

27.

By virtue of the terms contained in the Purchase Order, or other applicable agreements, Metalcraft is entitled to recover from KMC the full amount of its expenses, including attorneys fees, in defending the original action by the original Plaintiff against Metalcraft.

## COUNT II
### (Common Law Indemnification And Contribution)

28.

Metalcraft restates and incorporates paragraphs 1-27 above as if fully set forth herein.

29.

Metalcraft has denied and does deny that it is liable to Plaintiff. However, if it be shown that Metalcraft is in any way liable to Plaintiff on account of the matters and things alleged in the Complaint, then, Metalcraft is entitled to recover from the KMC and KMM for the full amount of any judgment that might be rendered against Metalcraft in the original action by the Plaintiff against Metalcraft, for indemnity or contribution as the case may be for the reasons set forth in this Third-Party Complaint.

## COUNT III
### (Attorneys' Fees And Expenses Of Litigation)

30.

Metalcraft restates and incorporates paragraphs 1-29 above as if fully set forth herein.

31.

KMC and KMM have breached their obligations under their agreement with Metalcraft and pursuant to common law indemnification and contribution by refusing to indemnify and defend the interests of Metalcraft in the original action between Plaintiff and Metalcraft.

32.

As a result, Metalcraft is entitled to recover its expenses and costs of defense of the original action, including its reasonable attorneys' fees.

WHEREFORE, Metalcraft prays for the relief as follows:

(a) KMC and KMM indemnify and defend the interests of Metalcraft in the original action;

(b) to recover from KMC and KMM for indemnification and contribution in the amount of any judgment rendered against Metalcraft in favor of original Plaintiff;

(c) attorneys' fees, plus the costs of these proceedings; and

(d) whatever additional relief the Court deems just and proper.

This 4th day of May, 2006

                                                                                              s/ James C. Clark, Jr.
William L. Tucker
Ga. Bar No. 718050
James C. Clark, Jr.
Ga. Bar No. 127145
Thomas F. Gristina
Ga. Bar No. 452454
Page, Scrantom, Sprouse, Tucker &
  Ford, P.C.
1111 Bay Avenue
P. O. Box 1199
Columbus, Georgia 31902
Phone: (706) 324-0251
Fax: (706) 596-9992
Email: wlt@psstf.com
Email: jcc@psstf.com
Email: tfg@psstf.com

Attorneys for Defendant-Third Party Plaintiff

7

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 4th, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Tyron Elliott, Esq.
The Elliott Law Firm
Post Office Drawer 389
Manchester, Georgia 31816


This 4th day of May, 2006

                s/ James C. Clark, Jr.
                _____
                William L. Tucker
                Ga. Bar No. 718050
                James C. Clark, Jr.
                Ga. Bar No. 127145
                Thomas F. Gristina
                Ga. Bar No. 452454
                Page, Scrantom, Sprouse, Tucker &
                 Ford, P.C.
                1111 Bay Avenue
                P. O. Box 1199
                Columbus, Georgia 31902
                Phone: (706) 324-0251
                Fax: (706) 596-9992
                Email: wlt@psstf.com
                Email: jcc@psstf.com
                Email: tfg@psstf.com

                Attorneys for Defendant-Third Party Plaintiff